UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY AARON, et al.,

    Plaintiffs,                                       Hon. Janet T. Neff

v.                                                      Case No. 1:19-CV-91

TONY MOULATSIOTIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Ex Parte Motion for Temporary Restraining Order. (ECF No. 4). For the reasons discussed herein, the undersigned recommends that Plaintiffs' motion be **denied**.

Plaintiffs initiated this action on February 5, 2019, against five individuals. In their complaint, Plaintiffs allege that Defendants have conspired to unlawfully deprive Plaintiffs of certain real property the three men own. Plaintiffs now move the Court to issue an ex parte temporary restraining order preventing Defendants from seizing and selling several vehicles and/or items of equipment which the City of Muskegon has found to be abandoned and/or inoperable.

The decision to grant or deny a temporary restraining order (TRO) falls within the Court's discretion. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 65, the Court may order injunctive relief, without notice to the adverse party, only if two conditions are satisfied. Fed. R. Civ. P. 65(b)(1). First, Plaintiffs must present "specific facts in an affidavit or verified complaint" which "clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiffs] before the adverse party can be heard

in opposition." Fed. R. Civ. P. 65(b)(1)(A).  Second, Plaintiffs must certify in writing "any efforts made to give notice [to Defendants] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).  Plaintiffs have failed to satisfy either requirement.

In support of their motion, Plaintiffs have submitted four identical affidavits, only three of which are signed.  (ECF No. 4 at PageID.44-54).  According to these affidavits, Defendants retaliated against Plaintiffs for initiating the present lawsuit by directing the City of Muskegon Police Department to issue notices to Plaintiffs that several vehicles and items of equipment were in violation of the City of Muskegon Junk Vehicle Ordinance.  Plaintiffs have submitted copies of four such violations which were issued on January 18, 2019, and provided that if the vehicle in question was not "removed" by January 26, 2019[1], it would be subject to removal.  (ECF No. 4 at PageID.59, 61).

Plaintiffs assert in their affidavits that they will suffer irreparable injury in the absence of a TRO "because the Defendants have created a situation where the vehicles are now going up for auction after twenty days. . ."  Plaintiffs do not specify in their affidavits when this twenty day period expires.  However, additional evidence submitted by Plaintiffs sheds light on this issue and highlights two fatal shortcomings with Plaintiffs' present request.

Plaintiffs have submitted a copy of a formal Notice of Abandoned Vehicle/Vessel issued to Plaintiff Johnny Aaron regarding one of the vehicles to which one of the Junk Vehicle Notices was issued.  (ECF No. 4 at PageID.55-58).  According to this notice, the vehicle in question was "taken into custody" on January 23, 2019, and "*may* be sold at public auction after 20 days." (ECF No. 4 at PageID.55).  Plaintiffs have presented no facts indicating that any of the vehicles in

---

[1] The violations in question were issued on January 18, 2019, but the date by which the vehicle or equipment must be removed is identified as "1-26-18."  The Court assumes this is a typographic error and that the author intended the date to read January 26, 2019.

2

question are, in fact, scheduled, or even likely, to be sold at public auction at any point in the near future.

Furthermore, the Notice provides that "[t]he owner may contest that the vehicle/vessel was properly deemed abandoned or removed by completing the enclosed petition to request a hearing with the court listed above." (ECF No. 4 at PageID.55). Plaintiffs have presented no evidence indicating that they attempted to avail themselves of a hearing to contest the seizure of the vehicle(s) in question. This is significant because on the date that Plaintiffs filed the present motion for TRO, there were still two days remaining to request such a hearing. Thus, Plaintiffs cannot establish that they face *immediate* injury.

Plaintiffs have also failed to establish that any injury they may suffer in the absence of a TRO is *irreparable*. An injury is not considered irreparable if "it is fully compensable by money damages." *Metropolitan Life Ins. Co. v. Vanlue*, 2011 WL 2010180 at *2-3 (W.D. Ky., May 23, 2011) (citations omitted). Plaintiffs are seeking a TRO to prevent the allegedly improper sale of four vehicles and/or items of equipment. Plaintiffs allege no facts in their affidavits indicating that loss of the vehicles and/or equipment in question cannot be fully and completely compensated for by an award of money damages. In fact, Plaintiffs concede in their affidavits that the vehicles/equipment in question are not presently being utilized and have instead been parked in the location(s) in question "for the last year." Thus, Plaintiffs have failed to establish that the injury they seek to prevent is irreparable.

Finally, Plaintiffs have failed to describe the efforts they made to afford Defendants notice of the present motion and why the present motion should be considered without first affording Defendants an opportunity to be heard on the matter.

3

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiffs' Ex Parte Motion for Temporary Restraining Order</u>, (ECF No. 4), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: February 13, 2019           /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

4