UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
CIVIL DIVISION

JOHNNY DEWAYNE AARON,  
ERVIN JOSEPH LAMIE,  
STEVE STEWART,

    Plaintiff(s),

v

TONY MOULATSIOTIS, DONNA B. VANDERVRIES  
TED KARNTIZ, TIM BURGESS, JEFFREY LEWIS,  
Jointly and Severally,

    Defendants.

Case No. 1:19-cv-00091-JTN-ESC

Honorable Janet T. Neff  
Magistrate Judge Ellen S. Carmody

_____/

| | |
|---|---|
| Johnny Dewayne Aaron<br>Ervin Joseph Lamie<br>Steve Steward<br>Plaintiffs In Pro Per<br>417 Jackson Ave.<br>Muskegon, MI 49442<br>(616) 834-8912<br>josephla50@yahoo.com | Rosati, Schultz, Joppich, & Amtsbuechler, P.C.<br>Andrew J. Brege (P71474)<br>Attorney for Defendant Jeff Lewis<br>822 Centennial Way, Suite 270<br>Lansing, MI 48917<br>(517) 886-3800<br>abrege@rsjalaw.com |
| Williams Hughes, PLLC<br>Douglas M. Hughes (P30958)<br>Attorney for Defendant Karntiz<br>120 W. Apple Ave.<br>P.O. Box 599<br>Muskegon, MI 49443-0599<br>(231) 726-4857<br>doughughes@williamshugheslaw.com | Cummings McClorey Davis & Acho PLC<br>Allan C. Vander Laan (P33893)<br>Bradley Charles Yanalunas (P80528)<br>Attorneys for Defendants Moulatsiotis,<br>VanderVries & Burgess<br>327 Centennial Plaza Bldg.<br>2851 Charlevoix Dr., SE<br>Grand Rapids, MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |
| Plunkett Cooney<br>Lisa A. Hall (P70200)<br>Attorney for Defendant Karntiz<br>333 Bridge St., NW, Ste. 530<br>Grand Rapids, MI 49504<br>(616) 752-4615<br>lhall@plunkettcooney.com | |

_____/

**BRIEF IN SUPPORT OF DEFENDANT LEWIS' MOTION TO DISMISS**

***Oral Argument Requested***

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................ ii

Index of Authorities ........................................................................................................... iii

Introduction ........................................................................................................................ 1

Statement of Facts .............................................................................................................. 1

Standard of Review ............................................................................................................ 2

Analysis and Argument ...................................................................................................... 3

    I.    Defendant Lewis is entitled to qualified immunity for any of Plaintiffs' Claims ...... 3

    II.    Plaintiffs cannot establish an unconstitutional policy claim under *Monell* ............. 4

Conclusion ......................................................................................................................... 6

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 2

*Bass v. Robinson*, 167 F.3d 1041 (6th Cir. 1999) ........................................................... 4

*Bassett v. NCAA*, 528 F.3d 426 (6th Cir. 2008) .............................................................. 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 2

*Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004) ................................... 5

*Board of County Comm'rs v. Brown*, 520 U.S. 397 (1997) ........................................... 5

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ....................................................... 4

*Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996) ................................................ 5

*Ford v. County of Grand Traverse*, 535 F.3d 483 (6th Cir. 2008) ............................ 5, 6

*Garner v. Memphis Police Dep't*, 8 F.3d 358 (6th Cir. 1993) ........................................ 5

*Gregory v. City of Louisville*, 44 F.3d 725, 2006 Fed.App. 725 (6th Cir. 2006) ............ 3

*Johnson v. Bank of Am. Corp.*, No. 1:11-CV-1284, 2013 WL 664906 (W.D. Mich. Feb. 22, 2013) ........................................................................................................................ 3

*McGee v. City of Cincinnati Police Dep't*, No. 1:06–CV–726, 2007 WL 1169374 (S.D.Ohio Apr.18, 2007) ................................................................................................. 3

*Monell v Dept. of Soc. Svcs.*, 436 U.S. 658 (1978) .................................................. 4, 5, 6

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) ............................................................... 5

*Papasan v. Allain*, 478 U.S. 265 (1986) ......................................................................... 2

*Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007) ................................... 5

*Rodriquez v. City of Cleveland*, 439 Fed.Appx. 433 (6th Cir. 2011) ............................. 3

*Salehpour v. University of Tennessee*, 159 F.3d 199 (6th Cir. 1998) ........................... 3

*Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999) ............................................................ 3

*Wilson v. Morgan*, 477 F.3d 326 (6th Cir. 2007) .............................................................. 4

**Federal Court Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 2, 6

Fed. R. Civ. P. 56 ................................................................................................. 3

**Federal Statutes**

42 U.S.C. §1983 .................................................................................................... 1

**INTRODUCTION**

Plaintiffs bring this case in pro per against Defendant Jeffrey Lewis, as the Director of Public Safety for the City of Muskegon, and other Defendants in their official capacities. As this is a Fed. R. Civ. P. 12(b)(6) motion, we take all of the facts alleged in Plaintiffs' Complaint as true. Even taking these facts as true, Plaintiffs have failed to state a valid claim against Defendant Lewis. Since Plaintiffs' Complaint was filed in pro per and is at times confusing as to the claims being brought, Defendant Lewis has taken the liberty to show that even had claims been plead against him in his individual capacity, such claims would still fail.

**STATEMENT OF FACTS**

In their Complaint, Plaintiffs claim that certain actions taken against them stem from Mercy Hospital's announcement of an addition to the Hospital on Sherman Road in the City of Muskegon. (See Dkt. No. 1, generally). Plaintiffs allege that the Phillips School is located across the street and two blocks off of Sherman Road where the new addition to the hospital would be located. Plaintiffs allege that the County Assessor knew about the Hospital's expansion, and used this knowledge to tax the school out of existence. Plaintiffs claim the County did this to secure the school's property and profit off it. In connection with these facts alone, Plaintiffs bring this suit against multiple defendants in their official capacities.

As to Defendant Lewis, Plaintiffs bring this action against him in is his official capacity as the Director of Public Safety for the City of Muskegon. Plaintiffs bring their claims under 42 U.S.C. §1983, and while it is not stated, they appear to allege a Fourth Amendment violation against Defendant Lewis. Plaintiffs' sole claim against Defendant Lewis states:

1

> On or about January 18th 2019 Jeffrey Lewis under the color of law did in fact have a officer under his command an officer Filisnki Badge#66, unlawfully search the location at 417 Jackson Ave Muskegon MI 49442. The premises was searched with no prior contact with the Plaintiffs and was conducted with out a search warrant. Thus conspiring with the other Defendants and harassing Plaintiff's. (Dkt. No. 1 at PageID.10)

Plaintiffs do not allege any other facts or evidence to show any such conspiracy between Defendant Lewis and the other named Defendants. Furthermore, Plaintiffs do not claim that Defendant Lewis participated in the alleged unconstitutional search.

## STANDARD OF REVIEW

A motion filed under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the pleadings. While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 556 (2007). A "formulaic recitation of the elements of a cause of action will not do." ***Id***. (citing ***Papasan v. Allain***, 478 U.S. 265, 286 (1986)). Factual allegations must be enough to raise a right to relief above the speculative level, and must be sufficient to state a claim for relief that is plausible on its face. ***Id***.

> A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [***Twombly***] at 556. The plausibility standard is akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. ***Ibid***. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" ***Id***., at 557 (brackets omitted).

***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009).

Additionally, a Court may consider public records and documents attached to the complaint without converting a Rule 12(b)(6) motion into one for summary judgment under

2

Fed. R. Civ. P. 56.  See **Bassett v. NCAA**, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein.").  That is, a Court is not bound to accept as true "unwarranted" allegations or factual inferences in a complaint, "such as allegations 'contradicted by public records and other evidentiary materials of which the Court may take judicial notice.'"  **Johnson v. Bank of Am. Corp.**, No. 1:11-CV-1284, 2013 WL 664906, at *5 (W.D. Mich. Feb. 22, 2013) (quoting **McGee v. City of Cincinnati Police Dep't**, No. 1:06–CV–726, 2007 WL 1169374, at *2 (S.D.Ohio Apr.18, 2007).

<u>**ANALYSIS AND ARGUMENT**</u>

**I.    DEFENDANT LEWIS IS ENTITLED TO QUALIFIED IMMUNITY FOR ANY OF PLAINTIFFS' CLAIMS**

Plaintiffs' only claim against Defendant Lewis is that an "officer under his command" conducted an unlawful search.  Therefore, this claim does not allege any actual actions against Defendant Lewis, and merely seeks to assert a supervisory liability claim against him.  "A theory of supervisory liability requires a civil rights plaintiff to demonstrate more than a supervisor's mere passivity in the face of a subordinate's alleged unconstitutional action." **Rodriquez v. City of Cleveland**, 439 Fed.Appx. 433, 457 (6th Cir. 2011).  Instead, liability under §1983 must be based on "active unconstitutional behavior" and cannot be based on a mere failure to act or the mere right to control employee. **Shehee v. Luttrell**, 199 F.3d 295, 300 (6th Cir. 1999); **Salehpour v. University of Tennessee**, 159 F.3d 199, 206 (6th Cir. 1998); **Gregory v. City of Louisville**, 44 F.3d 725, 751; 2006 Fed.App. 725 (6th Cir. 2006).  Therefore, liability must

3

lie upon more than a supervisor's position, and cannot rely on simple negligence. ***Bass v. Robinson***, 167 F.3d 1041, 1048 (6th Cir. 1999).

In this case, Plaintiffs have failed to plead any facts showing any actions taken by Defendant Lewis. Again, Plaintiffs merely allege that officers under Defendant Lewis' control allegedly conducted an unlawful search. Therefore, Plaintiffs are not claiming that Defendant Lewis acted unconstitutionally, as Plaintiffs do not attempt to claim he was at the search location on the date at issue. Plaintiffs have failed to meet their burden and in no way have shown an "active unconstitutional behavior" by Defendant Lewis. Thus, Defendant Lewis is entitled to qualified immunity on any claims which Plaintiffs could bring against him in his individual capacity, and such claims should be dismissed.

## II. PLAINTIFFS CANNOT ESTABLISH AN UNCONSTITUTIONAL POLICY CLAIM UNDER *MONELL*

As stated above, Plaintiffs cannot establish an active constitutional violation by Defendant Lewis and, therefore, they cannot succeed in any claims against him in his official capacity as the lead law enforcement agent of the City of Muskegon. ***City of Los Angeles v. Heller***, 475 U.S. 796 (1986); ***Wilson v. Morgan***, 477 F.3d 326, 340 (6th Cir. 2007). Furthermore, any claims against Defendant Lewis in his official capacity would be unsuccessful as Plaintiffs have failed to identify any unconstitutional policy or custom of the City which was the cause of their alleged constitutional rights violation.

Under ***Monell*** and its progeny, a municipality may be held liable only (1) "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," ***Monell v Dept. of Soc. Svcs.***, 436 U.S. 658, 694 (1978), and (2) when there is an "affirmative link between the policy and the particular constitutional violation alleged."

*Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *see also* *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007).  Plaintiffs must establish the City's official policies or customs (or lack thereof) were a "moving force" behind the deprivation of Plaintiffs' rights and arose as a result of "deliberate indifference" to their rights.  *See* *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)

"[T]o impose municipal liability a plaintiff bringing a § 1983 claim against a municipality must therefore identify the policy or custom that caused her injury."  *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  *Id*. (quoting *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997)).  Once the policy is identified, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."  *Board of County Comm'rs*, *supra* at 403-04.

The key inquiry thus becomes whether, in viewing the City's policy in the light most favorable to [Plaintiffs], there was sufficient evidence for reasonable minds to find "a direct causal link" between the City's policy and the alleged denial of [Plaintiffs'] rights.  *See*, e.g., *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) ("A municipality can be liable under 42 U.S.C. § 1983 only if the plaintiff can demonstrate that his civil rights have been violated as a direct result of that municipality's policy or custom.") (citing *Monell*, *supra* at 694); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("[T]o satisfy the *Monell* requirements[,] a plaintiff must identify the policy, connect

the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." (internal quotation marks omitted)). **Ford**, *supra* at 497. That is, the proper focus must be on what the policy actually was, not what it could have been ideally.

Here, Plaintiffs' allegations do not indicate what, if any, policy or procedures actually caused their alleged constitutional violations. Plaintiffs merely state that as the Director of Public Safety, Defendant Lewis had control over his officers' actions. Furthermore, since the Plaintiffs have failed to even identify any policy or custom of the City, they in no way can prove that such a policy or custom was connected to or caused their alleged constitutional violation. Therefore, Plaintiffs' claims fail at the first step of the **Monell** analysis since they fail to even identify any policy or custom of the City. Plaintiffs' claims against Defendant Lewis in his official capacity must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant Jeffrey Lewis respectfully requests this Court dismiss Plaintiffs' claims against him for failure to state a valid claim under Fed. R. Civ. P. 12(b)(6), and dismiss him from this lawsuit with prejudice, and award any other relief that it finds to be fair, just and equitable under the circumstances.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

/s/ Andrew J. Brege
Andrew J. Brege (P71474)
Attorney for Defendant Jeff Lewis
822 Centennial Way, Suite 270
Lansing, MI 48917
Dated: April 4, 2019 (517) 886-3800

6

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 4, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record identified in the caption.  In addition, a copy of the foregoing was served upon Plaintiffs, at their address listed in the caption by U.S. first-class mail.

    Respectfully submitted,

    ROSATI, SCHULTZ, JOPPICH, &
    AMTSBUECHLER, P.C.

    /s/ Andrew J. Brege_____
    Andrew J. Brege (P71474)
    Attorney for Defendant Jeff Lewis
    822 Centennial Way, Suite 270
    Lansing, MI 48917

Dated: April 4, 2019    (517) 886-3800