UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY AARON, et al.,

    Plaintiffs,                              Hon. Janet T. Neff

v.                                                 Case No. 1:19-cv-91

TONY MOULATSIOTIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss, (ECF No. 10), and Defendant's Motion to Dismiss, (ECF No. 30). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that both motions be **granted**.

## BACKGROUND

On February 5, 2019, Plaintiffs Johnny Aaron, Ervin Lamie, and Steve Stewart initiated the present action against: (1) Tony Moulatsiotis, Muskegon County Treasurer; (2) Donna VanderVries, Muskegon County Equalization Director; (3) Ted Karnitz, Norton Shores Fire Marshall; (4) Tim Burgess, Muskegon County Land Bank Authority Coordinator; and (5) Jeffrey Lewis, City of Muskegon Director of Public Safety. (ECF No. 1).

Plaintiffs' complaint is largely unintelligible and consists primarily of bare legal conclusions, nevertheless, the following allegations can be gleaned from Plaintiffs' complaint. On

an unknown date, Plaintiffs became owners of the following three Muskegon County properties: (1) 2943 Valk Street; (2) 417 Jackson Avenue; and (3) 1442 East Broadway (hereinafter collectively "the property"). Plaintiffs failed to pay the property taxes assessed on the property for the 2015 tax year. Defendant Moulatsiotis unlawfully initiated foreclosure proceedings regarding the property resulting in Plaintiffs losing ownership of such. However, the amount of tax assessed on the property was incorrectly calculated by Defendant VanderVries in violation of Michigan law. Defendant VanderVries also concealed or destroyed documents pertaining to one of the subject properties. This conduct was part of a conspiracy, entered into with Defendant Moulatsiotis and Defendant Burgess to unlawfully deprive Plaintiffs of their ownership of the property. Defendants Karnitz and Lewis participated in separate conspiracies pursuant to which Plaintiffs' property was unlawfully searched. Defendant Burgess authorized the unlawful impound of vehicles located at the property.

Plaintiffs allege that Defendants: (1) violated their Fourth Amendment right to be free from unreasonable searches; (2) violated their Fourteenth Amendment right to due process of law; (3) committed fraud and conspiracy; (4) violated 18 U.S.C. § 241 and 18 U.S.C. § 2071. Plaintiffs seek $99,540,000.00 in damages. Defendants Moulatsiotis, VanderVries, Burgess, and Lewis now move to dismiss Plaintiffs' claims on the grounds that the Court lacks subject matter jurisdiction in this matter and that Plaintiffs' allegations fail to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings*

*Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the

case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.      **Defendant Moulatsiotis**

Plaintiffs assert two claims against Defendant Moulatsiotis: (1) he conspired with Defendant VanderVries to unlawfully deprive Plaintiffs of their ownership interest in the property, and (2) he improperly initiated foreclosure proceedings with respect to the property.

Plaintiffs' conspiracy claim contains no factual allegations, but instead is nothing more than the legal conclusion that Defendant conspired to violate their rights. Such is insufficient to state a valid claim for relief. As for Plaintiffs' claim that Defendant improperly initiated foreclosure proceedings, the Court notes that on March 13, 2018, the Honorable Timothy Hicks, Muskegon County Circuit Judge, entered a Judgment of Foreclosure finding that the properties in question were all properly subject to foreclosure. (ECF No. 10, Exhibit 1). To the extent Plaintiffs believe that Defendant improperly sought foreclosure, Plaintiffs had an obligation to litigate such in the state court

foreclosure action.  *See, e.g., Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (res judicata precludes a party from relitigating issues that were or could have been raised in a prior action).  Having failed to litigate this issue in state court, Plaintiffs cannot now assert such in this forum.  Accordingly, the undersigned recommends that Defendant Moulatsiotis' motion to dismiss be granted.

## II.        Defendant VanderVries

Plaintiffs assert against Defendant VanderVries three claims: (1) she violated federal criminal statutes (18 U.S.C. §§ 241, 2071) by destroying or losing certain, unspecified documents, relating to the property; (2) she conspired with Defendant Moulatsiotis to unlawfully deprive Plaintiffs of their ownership interest in the property; and (3) she unlawfully assessed the property.

Plaintiffs' conspiracy claim contains no factual allegations, but instead is nothing more than the legal conclusion that Defendant conspired to violate their rights.  Such is insufficient to state a valid claim for relief.  Plaintiffs' claim that Defendant violated federal criminal law fails because Plaintiffs' lack the authority to enforce the federal criminal code.  *See, e.g., Mize v. United States Marshal Service*, 2015 WL 1977656 at *2 (W.D. Ky., May 1, 2015) (citations omitted).  Finally, as to Plaintiffs' claims that Defendant improperly or inaccurately assessed the taxes on the property, Plaintiffs should have asserted such in the state court foreclosure action.  *See, e.g., Allied Erecting*, 805 F.3d at 708.  Having failed to litigate this issue in state court, Plaintiffs cannot now assert such in this Court.  Accordingly, the undersigned recommends that Defendant VanderVries' motion to dismiss be granted.

## III.       Defendant Burgess

Plaintiffs assert two claims against Defendant Burgess: (1) he participated in a

conspiracy to deprive Plaintiffs of their ownership interest in the property, and (2) he directed the unlawful impoundment of vehicles located at the property. With respect to these claims, Plaintiffs offer no factual allegations, but instead merely assert the legal conclusion that Defendant acted unlawfully. Such simply fails to state a valid claim for relief. The undersigned, therefore, recommends that Defendant Burgess' motion to dismiss be granted.

## IV.    Defendant Lewis

Plaintiffs allege that an unidentified police officer unlawfully searched one of the properties in question pursuant to a conspiracy between the officer and Defendant Lewis. Plaintiffs fail to allege facts sufficient to state a valid claim, but instead merely assert a legal conclusion. Accordingly, the undersigned recommends that Defendant Lewis' motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 10), and Defendant's Motion to Dismiss, (ECF No. 30), both be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 21, 2019         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             U.S. Magistrate Judge