UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY AARON, et al.,

    Plaintiffs,                                    Hon. Janet T. Neff

v.                                                             Case No. 1:19-cv-91

TONY MOULATSIOTIS, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Plaintiffs' Motion for Voluntary Dismissal</u> (ECF No. 48), and <u>Defendant's Motion for Judgment on the Pleadings</u> (ECF No. 52). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be **denied**, Defendant's motion be **granted**, and this matter **terminated**.

**BACKGROUND**

On February 5, 2019, Plaintiffs Johnny Aaron, Ervin Lamie, and Steve Stewart initiated the present action against: (1) Tony Moulatsiotis, Muskegon County Treasurer; (2) Donna VanderVries, Muskegon County Equalization Director; (3) Ted Karnitz, Norton Shores Fire Marshall; (4) Tim Burgess, Muskegon County Land Bank Authority Coordinator; and (5) Jeffrey Lewis, City of Muskegon Director of Public Safety. (ECF No. 1.) Plaintiffs seek $99,540,000.00 in damages.

While Plaintiffs' complaint consists largely of legal conclusions, it sets out the following allegations. On an unknown date, Plaintiffs became owners of the following three Muskegon County properties: (1) 2943 Valk Street; (2) 417 Jackson Avenue; and (3) 1442 East Broadway

(hereinafter collectively "the property"). Plaintiffs subsequently failed to pay the property taxes assessed on the property. However, Plaintiffs allege Defendant VanderVries incorrectly assessed the amount of tax assessed on the property in violation of Michigan law. Defendant Moulatsiotis unlawfully initiated foreclosure proceedings regarding the property resulting in Plaintiffs losing ownership of the property. Defendants VanderVries, Moulatsiotis, and Burgess entered into a conspiracy to conceal or destroy documents pertaining to the property so as to unlawfully deprive Plaintiffs of their ownership in the property. Defendants Karnitz and Lewis unlawfully searched Plaintiffs' property or caused it to be unlawfully searched. Defendant Burgess also authorized the unlawful impoundment of vehicles located at the property.

On June 21, 2019, the Court recommended that Plaintiffs' claims against Defendants Moulatsiotis, VanderVries, Burgess, and Lewis be dismissed. (ECF No. 46.) Plaintiffs did not object to the Report and Recommendation, but instead filed a motion to dismiss their claims against all Defendants. (ECF No. 48.) The Report and Recommendation that the Court dismiss Plaintiffs' claims against Defendants Moulatsiotis, VanderVries, Burgess, and Lewis was subsequently adopted. (ECF No. 51.) Shortly thereafter, Defendant Karnitz moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. As the Court noted in an October 3, 2019 Order, however, Defendant's claim for relief relies on matters outside the pleadings. (ECF No. 64.) The Court, therefore, converted Defendant's motion to a motion for summary judgment under Federal Rule of Civil Procedure 56 and permitted the parties the opportunity to supplement their pleadings. (*Id.*) The parties have now supplemented their pleadings and their motions are ready for decision.

**I.      Plaintiffs' Motion for Voluntary Dismissal**

Plaintiffs request "an order dismissing the case against all Defendants without prejudice." As to Defendants Moulatsiotis, VanderVries, Burgess, and Lewis, the Court recommends that Plaintiffs' motion be denied on the ground that Plaintiff's claims against these Defendants have been dismissed. As to Defendant Karnitz, the Court also recommends Plaintiffs' motion be denied, but for different reasons.

Where a plaintiff seeks to dismiss an action either through stipulation or before the defendants file an answer or motion for summary judgment, court approval is not required. *See* Fed. R. Civ. P. 41(a)(1). On the other hand, where, as here, the defendant has answered the complaint and declines to stipulate to a dismissal without prejudice, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Accordingly, at this stage of the proceedings, the decision whether to permit Plaintiff to dismiss this action and, if so, the terms of such dismissal, are committed to the Court's discretion. *See, e.g.,* Wright & Miller Federal Practice and Procedure: Civil 3d § 2364 (recognizing that courts retain the discretion to simply deny a motion to dismiss under Rule 41(a)(2)); *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (district court's decisions under Rule 41(a)(2) are "reviewed for abuse of discretion").

Dismissal without prejudice, under Rule 41(a)(2), is not inappropriate unless the defendant would suffer "plain legal prejudice as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007). Factors to consider when assessing whether a defendant will be subjected to such prejudice include: (1) the "effort and expense" the defendant has incurred preparing for trial; (2) "excessive delay and lack of diligence" by the plaintiff; (3) insufficient

3

explanation by the plaintiff for seeking dismissal; (4) whether the defendant has filed a motion for summary judgment; and (5) whether "the law clearly dictates a result for the defendant." *Id.*

Consideration of these factors weighs against Plaintiffs' motion. The only explanation Plaintiffs offer in support of their motion is their disagreement and dissatisfaction with the Court's prior decisions and orders, most notably the recommendation to dismiss Plaintiffs' claims against Defendants Moulatsiotis, VanderVries, Burgess, and Lewis. Plaintiffs' request is not timely and reflects a lack of diligence. Also, as discussed below, the undersigned concludes that the law "clearly dictates" that Defendant's motion for summary judgment be granted. Thus, dismissal without prejudice would cause actual prejudice to Defendant Karnitz. Accordingly, the undersigned recommends that Plaintiffs' motion to dismiss without prejudice their claims against Defendant Karnitz be denied.

## II. Defendant Karnitz's Motion for Summary Judgment[1]

Plaintiffs allege that between the dates of May 1, 2018, and August 5, 2018, Defendant Karnitz participated in, or directed others to conduct, illegal searches of the 2943 Valk Street property. (ECF No. 1 at PageID.8-9, 17.) Plaintiffs allege that Karnitz's actions violated their Fourth Amendment rights. Defendant Karnitz argues that he is entitled to summary judgment,

---

[1] Defendant asserts that application of the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to resolve Plaintiffs' claims. The Court is not persuaded. Plaintiffs' claim they were injured by the allegedly illegal searches of their property, not by any decision or judgment issued by a state court. As the Supreme Court has held, the *Rooker-Feldman* doctrine does deprive federal courts of jurisdiction in such circumstances. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (the *Rooker-Feldman* doctrine is limited to "cases brought by state-court losers complaining of injuries *caused by* state-court judgments. . . .") (emphasis added). Defendant also argues the Court should abstain on *Younger* grounds or determine that he has qualified immunity. Because the undersigned recommends that summary judgment be granted on the substance of Plaintiffs' claims, the Court has not reached those questions.

however, because prior to May 1, 2018, ownership of the property in question had transferred to the Muskegon County Treasurer due to Plaintiffs' failure to satisfy their delinquent tax obligations.

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

On March 13, 2018, the Muskegon County Circuit Court entered a Judgment of Foreclosure finding that the property in question was properly subject to foreclosure. (ECF No.

10 at PageID.117-19, 123.) The court further ordered that title to the property in question would transfer to Muskegon County in the event the delinquent taxes, interest, and fees, were not paid before March 31, 2018. (*Id.* at PageID.117-19.) Plaintiffs do not dispute that the amounts in question were not timely paid. Thus, as of the date Defendant Karnitz allegedly searched Plaintiffs' property, or caused it to be searched, Plaintiffs' ownership interest had been extinguished. Plaintiffs thus had no reasonable expectation of privacy in the property. *See, e.g., United States v. Hunyady*, 409 F.3d 297, 301 (6th Cir. 2005) ("factors to be considered in determining whether there was a legitimate expectation of privacy include ownership, lawful possession, or lawful control of the premises searched"). Accordingly, the undersigned recommends that Defendant Karnitz's motion for summary judgment be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Voluntary Dismissal (ECF No. 48) be **denied**; Defendant's Motion for Judgment on the Pleadings (ECF No. 52) be **granted;** and this matter **closed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: December 6, 2019     /s/ Sally J. Berens
                            SALLY J. BERENS
                            United States Magistrate Judge